DUMONT v. FRY.

*(Circuit Court, S. D. New York.   December 10, 1883.)*

PLEDGE — PRIORITY OF LIEN — EQUITABLE INTEREST — ATTACHMENT — MASTER'S
  REPORT.
    Former opinion in this case (13 FED. REP. 423) explained, and master's report
    recommitted for correction.

In Equity.   Exceptions to master's report.
*Edgar A. Hutchins,* for Dumont.
*Man & Parsons,* for Laborde & Reymes.
*Platt & Bowers,* for Fry.
*Scott & Crowell,* for Louisiana National Bank.
*Chas. E. Whitehead,* for Casey.

WALLACE, J.   Although the language used in the opinion in this case (13 FED. REP. 423, 427) may justify the construction which the master placed upon it, that the bonds to the extent of $100,000 were pledged as security for the debt of the banking association, or that $100,000 of the bonds were thus pledged, it was not intended to decide that this was the exact intent of the pledge.   The terms of the pledge were that the bonds then in the possession of the Schuchardts should be held by them as security for any advance or overdraft which might ultimately exist in the dealings of the parties to the extent of $100,000.   In effect, the pledge is as though it were to secure $100,000 whenever that amount might be found to be owing.   The pledge, therefore, carries interest as an incident to the debt.   This was clearly determined by the interlocutory decree which charges the bonds with a lien to the amount of $100,000, "and interest from the date of the balance of account."   It does not affect the question that the bonds were pledged without the consent of the owners, or that the pledgeor was surety instead of principal debtor.   The contract is not enlarged as against a surety, because it is implied in all contracts of pledge to secure a debt that interest must be paid on the debt to redeem the pledge if the debt is not paid when it matures.

2. Contrary to my first impression, the money collected by Fry is to be treated as merely a substitute for the bonds.   He had no right to apply it to extinguishment of the debt, and, as he did not do so, is chargeable only with what it earned, which is the interest he has received on it.

3. The money collected by the Schuchardts before their bankruptcy seems to have been used by them, and mingled indiscriminately with their own funds.   This is therefore to be treated as a payment upon the debt at the time it was received.

4. Fry was not a trustee for anybody but the bankrupt estate in collecting the interest on the bonds, and is not entitled to any commissions, or to a counsel fee for maintaining his lien.

5. He is not liable for permitting the coupons to become outlawed, if that has happened. He has not omitted to perform any act required of him by the parties who owned the bonds. It was for them to pay the pledge, or take care of their own securities.

6. Interest on the sum secured by the pledge is to be computed at 7 per cent. until 6 per cent. became the legal rate by the law of this state; thereafter at 6 per cent.

The report is recommitted to the master for correction according to the foregoing suggestions. No costs are allowed to either party as against the other upon the exceptions.

If any questions raised by the exceptions have been overlooked, they may be presented on the settlement of the order to be entered hereon.